**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NAZAR F. TALIB, et al.,

     Plaintiffs

vs.                                                    CASE NO. 8:05-CIV-282-T-17-TBM

SKYWAY COMMUNICATIONS
HOLDING CORP., et al.,

  Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

     This cause is before the Court on the report and recommendation (R&R) issued by

Magistrate Judge Thomas B. McCoun on April 5, 2005 (Docket No. 41).  The Court referred

the Plaintiffs' Motion for Temporary Restraining Order Freezing Defendants' Assets and for

Expedited Discovery (Doc. 14) and the magistrate judge gave notice to the defendants and

held a hearing with both parties being present and participating.  Therefore, this matter was

heard in the manner of a preliminary injunction rather than a temporary restraining order.

The Court will enter an order of preliminary injunction as opposed to a temporary restraining

order.

     The magistrate judge recommended that the Court grant Plaintiffs' Motion for

Temporary Restraining Order Freezing Defendants' Assets and for Expedited Discovery

(Doc. 14) and order that the defendants, SkyWay, its officers, directors, agents, or assigns,

should each be enjoined from selling, offering to sell, transferring, pledging, encumbering, or

otherwise disposing of shares of its securities or any other company assets, tangible or

intangible, except as may be necessary to fund its routine business affairs through its

customary operating account(s) and that defendants, Brent Kovar, James Kent, and Joy

CASE NO. 8:05-CIV-282-T-17-TBM

Kovar, should likewise be enjoined from selling, offering to sell, transferring, pledging, encumbering, or otherwise disposing of any shares of SkyWay securities or other assets of SkyWay. Based on the limited findings made herein, the magistrate judge did not recommend enjoining the individual assets of the individual Defendants or any affiliated company. Further, the report recommended that the Plaintiffs should post a $20,000.00 security bond.

Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District of Florida, the parties had ten (10) days after service to file written objections to the proposed findings and recommendations, or be barred from attacking the factual findings on appeal. **Nettles v. Wainwright**, 677 F.2d 404 (5th Cir. 1982) (en banc).  Objections were due to be filed by April 22, 2005, but to date none have been filed.

## STANDARD OF REVIEW

When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a de novo review of the record with respect to that factual issue.  28 U.S.C. § 636(b)(1); **U.S. v. Raddatz**, 447 U.S. 667 (1980); **Jeffrey S. v. State Board of Education of State of Georgia**, 896 f.2d 507 (11th Cir. 1990). However, when no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard.  **Gropp v. United Airlines, Inc.,** 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).

The Court has reviewed the report and recommendation and made an independent review of the record.  Upon due consideration, the Court concurs with the report and recommendation.  Accordingly, it is

2

CASE NO. 8:05-CIV-282-T-17-TBM

**ORDERED** that the report and recommendation, dated April 5, 2005 (Docket No. 41) be **adopted** and **incorporated by reference**; Plaintiffs' Motion for Temporary Restraining Order Freezing Defendants' Assets and for Expedited Discovery (Doc. 14) be determined to be a motion for preliminary injunction; **granted in part in that a preliminary injunction is entered as follows:** 1) it is ordered that the defendants, SkyWay, its officers, directors, agents, or assigns, are each enjoined from selling, offering to sell, transferring, pledging, encumbering, or otherwise disposing of shares of its securities or any other company assets, tangible or intangible, except as may be necessary to fund its routine business affairs through its customary operating account(s) and 2) the defendants, Brent Kovar, James Kent, and Joy Kovar, are likewise enjoined from selling, offering to sell, transferring, pledging, encumbering, or otherwise disposing of any shares of SkyWay securities or other assets of SkyWay. Based on the limited findings made by the magistrate judge, the individual assets of the individual Defendants or any affiliated company are not enjoined. Within twenty-four hours of this order, the Plaintiffs shall post a $20,000.00 security bond.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 27th day of April, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record
Assigned Magistrate Judge