UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NuWAVE LIMITED, a foreign company,
OMAR S. BANGAITAH, citizen of a foreign country,
AHMED SALEM BUGSHAN, citizen of a foreign country,
AHMAD M. AL AJLAN, citizen of a foreign country,
ALI AL SABAH, citizen of a foreign country,
CASTLE BRIDGE INVESTORS LTD., a foreign company,
IBRAHIM AL THERBAN, citizen of a foreign country,
INTERNATIONAL FINANCIAL ADVISORS K.S.C.C., a foreign company,
KHALID AL ATTAL, citizen of a foreign country,
KUWAIT INVESTMENT COMPANY, a foreign company,
KUWAIT REAL ESTATE COMPANY, a foreign company,
Q INVEST INC., a foreign company,
MADI M HAIDER, citizen of a foreign country,
MOHAMMAD H AL DALL, citizen of a foreign country,
NEDAL AL MASSOUD, citizen of a foreign country,
OSAMA A AL ABDULJALEEL, citizen of a foreign country,
PEARL OF KUWAIT REAL ESTATE CO., a foreign company,
SALEH AL SALMI, citizen of a foreign country,
TAIBA GROUP, INC., a foreign company,
THERFIELD HOLDINGS, a foreign company,
WALEED A AL ESSA, citizen of a foreign country,
YASSER ZAKARIA AL NAHHAS, citizen of a foreign country,
YOUSEF AL SALEH, citizen of a foreign country, and
NAZAR F. TALIB,

      Plaintiffs,

v.         CASE NO. 8:05-CV-282-T-17TBM

SKYWAY COMMUNICATIONS HOLDING CORP.,
a Florida corporation, and
BRENT KOVAR, JAMES KENT, and JOY C. KOVAR,
individually and as officers and directors of
SKYWAY COMMUNICATIONS HOLDING
CORP.,

      Defendants.
_____/

65611.22002.220272

## PLAINTIFFS'
## EX PARTE EMERGENCY MOTION FOR
## IMMEDIATE PRODUCTION AND PRESERVATION OF EVIDENCE

NuWave Limited ("**NuWave**"), Omar S. Bangaitah ("**Bangaitah**"), Ahmed Salem A. Bugshan ("**Bugshan**"), Ahmad M. Al Ajlan ("**Ajlan**"), Ali Al Sabah ("**Sabah**"), Castle Bridge Investors, Ltd. ("**CBI**"), Ibrahim Al Therban ("**Therban**"), International Financial Advisors K.S.C.C. ("**IFA**"), Khalid Ad Attal ("**Attal**"), Kuwait Investment Company ("**KIC**"), Kuwait Real Estate Company ("**KREC**"), Q Invest, Inc. ("**QII**"), Mahdi M Haider ("**Haider**"), Mohammad H Al Dall ("**Dall**"), Nedal Al Massoud ("**Massoud**"), Osama A Al Abduljaleel ("**Abduljaleel**"), Pearl of Kuwait Real Estate Co. ("**PKREC**"), Saleh Al Salmi ("**Salmi**"), Taiba Group Inc. ("**TGI**") Therfield Holdings ("**TH**"), Waleed A Al Essa ("**Essa**"), Yasser Zakaria Al Nahhas ("**Nahhas**"), Yousef Al Saleh ("**Saleh**"), and Nazar F. Talib ("**Talib**") [collectively "**Plaintiffs**"] move this Court to enter an Order directing SkyWay Communications Holding Corporation ("SkyWay") to immediately produce to this Court under seal the mail server and the hard drives of all computers located at 6021 142nd Avenue North, Clearwater, Florida 33767. This motion is brought pursuant to Middle District of Florida Local Rule 3.01(e).

### MEMORANDUM
### Procedural History

1. On <u>December 14, 2004</u>, Plaintiffs filed this action in the United States Court for the Middle District of Arkansas, Jonesboro Division.

2. On <u>February 10, 2005</u>, the United States Court for the Middle District of Arkansas, Jonesboro Division, entered an order transferring this case to the Middle District of Florida.

3. On <u>March 8, 2005</u>, Plaintiffs filed their Verified Amended Complaint.

4. In Section IV of the Verified Amended Complaint, Plaintiffs seek damages and equitable relief as follows:

 (a) Count **I** seeks relief against Defendants for violation of Section 12(a)(1) of the Securities Act of 1933;

 (b) Count **II** seeks relief against Defendants for violation of Section 12(a)(2) of the Securities Act of 1933;

 (c) Count **III** seeks relief against Defendants for violations of the Florida Securities Investor Protection Act.

 (d) Count **IV** seeks Temporary and Permanent Injunctive Relief for the claims asserted in Counts I, II, and III.

 (e) Count **V** seeks relief against SkyWay, Brent Kovar ("**Kovar**"), and James Kent ("**Kent**") for fraudulent inducement.

 (f) Count **VI** seeks relief against SkyWay, Kovar, and Kent for Negligent, Reckless, and Intentional Misrepresentation.

 (g) Count **VII** seeks relief against SkyWay for breach of contract.

5. In Section V of the Verified Amended Complaint, Talib asserts a shareholder *derivative claim* on behalf of SkyWay against Kovar, Kent, and Joy C. Kovar ("**J. Kovar**") for breach of fiduciary duties.

6. On March 8, 2005, Plaintiffs also filed their Motion for Temporary Restraining Order Freezing Defendants Assets and for Expedited Discovery [Doc. 14] and a Memorandum of Law in support thereof [Doc. 15].

7. On March 9, 2005, this Court entered an Order referring to Magistrate Judge McCoun the Motion for Temporary Restraining Order Freezing Defendants Assets and for Expedited Discovery [Doc. 20].

8. On March 30, 2005, Judge McCoun held a hearing on Plaintiff's Motion for Temporary Restraining Order Freezing Defendants Assets and for Expedited Discovery.

9. On April 5, 2005, Judge McCoun issued a Report and Recommendation (the "**R&R**") regarding Motion for Temporary Restraining Order Freezing Defendants Assets and for Expedited Discovery [Doc. 41].

10. Judge McCoun's R&R granted Plaintiff's Motion for Expedited Discovery.

11. On April 27, 2005, this Court entered an Order adopting Judge McCoun's Report and Recommendation. Further, this Court treated the Motion for Temporary Restraining Order Freezing Defendants Assets and for Expedited Discovery as a motion for preliminary injunction and issued a preliminary injunction enjoining SkyWay from "selling, offering to sell, transferring, pledging, encumbering, or otherwise disposing of shares of its securities or any other company assets, tangible or intangible, except as may be necessary to fund its routine business affairs through it customary operating account(s)."

### Relevant Facts

12. Over the past two weeks, Plaintiffs' agents and others have informed Plaintiffs that SkyWay is systematically removing property from the Clearwater offices, destroying evidence, and selling assets.

13. On April 23, 2005, Talib learned from a SkyWay employee that several of SkyWay's officers have been shredding documents and cleaning out their offices.

14. On April 27, 2005, Talib learned that from a SkyWay employee it is very likely that SkyWay will try to destroy totally or partially the information contained in SkyWay's computers and mail server.

15. Counsel for Plaintiffs has not interviewed John Jebbens regarding the statements made by John Jebbens to Talib because counsel does not want to violate ethical rules regarding contact with SkyWay's former employee.

### Legal Argument

To obtain ex parte relief, the movant must show that: (a) movant will be irreparably harmed if the other party is given notice of the motion; (b) movant is without fault in creating the crisis requiring ex parte relief. *Yokohama Tire Corp. v. Dealers Tire Supply Inc.*, 202 F.R.D. 612, 613 (M.D. Az. 2001).

Based on John Jebbens' statements to Talib concerning destruction of documents by SkyWay, Plaintiffs have a reasonable basis for believing that if SkyWay is given notice of Plaintiffs' motion for immediate production and preservation of evidence, SkyWay, if it has not already done so, will destroy part of, or all of, the contents of its computers and servers. If SkyWay is allowed to destroy any more evidence in this case, Plaintiffs will be irreparable harmed because Plaintiffs' lack of evidence will diminish their ability to demonstrate the misconduct of SkyWay and other Defendants in this case. Moreover, the emergency created by SkyWay's spoliation of evidence is not Plaintiffs' fault and has been created solely by SkyWay's misconduct.

The spirit of Judge McCoun's order granting expedited discovery to Plaintiffs will be defeated if SkyWay is given time to destroy and relevant damaging evidence contained in its servers and computers.

Finally, Plaintiffs are not seeking unrestricted access to SkyWay's servers and computers. Plaintiffs simply want to preserve the information contained in the servers and computers. Plaintiffs have no objection to first having SkyWay's counsel examine the servers and computers to identify any potentially privileged information for the preparation of a privilege log.

WHEREFORE, this Court must enter an Order requiring SkyWay to immediately produce to this Court under Seal, all mail servers, file management servers, and hard drives of all individual computers located at SkyWay's offices at 6021 – 142nd Avenue North, Clearwater, Florida 33767.

*Stanford R. Solomon* (signature)

Stanford R. Solomon
FBN: 302147
Laura H. Howard
FBN: 975397
THE SOLOMON TROPP LAW GROUP, P.A.
400 North Ashley Plaza • Suite 3000
Tampa, Florida 33602-4331
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for Plaintiffs

## VERIFICATION

Under penalties of perjury, I swear that the statements contained in paragraphs 12-13 of the foregoing Verified Ex Parte Emergency Motion for Immediate Production and Preservation of Evidence are true and correct to the best of my knowledge, information and belief.

_____
Nazar Talib

STATE OF ARKANSAS )
COUNTY OF Craighead ) ss.
)

SWORN TO or affirmed and signed before me by Nazar Talib on April 28, 2005.

*Amanda Muir* (signature)
Notary Public

AMANDA MUIR
NOTARY PUBLIC - STATE OF ARKANSAS
CRAIGHEAD COUNTY
My Commission Expires: 7-27-2014

____ personally known
✓  produced identification