**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NAZAR F. TALIB; NUWAVE
LIMITED; OMAR S. BANGAITAH;
AHMED SALEM A BUGSHAN; AHMAD
M AL AJLAN; ALI AL SABAH;CASTLE
BRIDGE INVESTORS LTD.; IBRAHIM
AL THERBAN; INTERNATIONAL
FINANCIAL ADVISORS K.S.C.C.;
KHALID AL ATTAL; KUWAIT
INVESTMENT COMPANY; KUWAIT
REAL ESTATE COMPANY; Q INVEST
INC.; MADHDI M HAIDER; MOHAMMAD
H AL DALL; NEDAL AL MASSOUD;
OSAMA A AL ABDULJALEEL; PEARL OF
KUWAIT REAL ESTATE CO.; SALEH
AL SALMI; TAIBA GROUP INC;
THERFIELD HOLDINGS; WALEED A AL
ESSA; YASSER ZAKARIA AL NAHHAS;
YOUSEF AL SALEH,

      Plaintiffs,

v.                                                          **Case No. 8:05-cv-282-T-17TBM**

SKYWAY COMMUNICATIONS
HOLDING CORP.; BRENT KOVAR;
JAMES KENT; JOY C. KOVAR,

      Defendants.
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiffs'** *ex parte* **Emergency Motion for**

**Immediate Production and Preservation of Evidence** (Doc. 55). By their *ex parte* motion,

Plaintiffs seek an Order compelling Defendant SkyWay Communications Holding

Corporation (hereinafter "SkyWay") to produce under seal to this court all mail servers, file

management servers, and hard drives of all individual computers located at SkyWay's offices. As grounds, Plaintiffs represent that they have learned that SkyWay has removed property from the offices and sold assets in contravention of this court's Preliminary Injunction (Doc. 50). Plaintiffs further represent that Plaintiff Nazar Talib has learned from a SkyWay employee that SkyWay officers have been shredding documents, cleaning out their offices, and destroying evidence contained in SkyWay's computers and servers. As grounds for submitting the motion *ex parte*, Plaintiffs aver that notice of the requested actions would likely result in the destruction of the contents of Defendants' computers and servers. Because of counsel's inability to contact SkyWay's employees directly without violating the Rules Regulating The Florida Bar, Plaintiffs submit the verification of Plaintiff Nazar Talib attesting to the truth and correctness of the statements contained in paragraphs 12-13 of the motion.

Upon consideration, the court accepts for purposes of this motion that the facts told to Mr. Talib are sufficient to justify the filing of the motion *ex parte*.[1] Nonetheless, **Plaintiffs'** ***ex parte*** **Emergency Motion for Immediate Production and Preservation of Evidence** (Doc. 55) is **DENIED** insofar as it seeks production to the court of SkyWay's mail servers, file management servers, and hard drives of individual computers.[2] However, the court *sua sponte* orders SkyWay, its officers, directors, employees, agents, or assigns or persons in

---

[1] The averments of Mr. Talib are rather unspecific and general. On this motion, the court finds only that the loss of evidence occasioned by the destruction of company records could irreparably harm the Plaintiffs' ability to proceed in this cause. If such record destruction is occurring, it violates the spirit of the preliminary injunction if not its specific terms and is contrary to the representations of Defendants' counsel at the hearing on the TRO.

[2] The court is ill-equipped to receive and hold such matters. In the future, Plaintiffs should consider the appropriateness of seeking the appointment of a receiver to safeguard such matters should the circumstances warrant.

concert with them, on pain of contempt, to cease the destruction, removal, or other disposition of any company or individual records or data regardless of content or format presently held at the company offices at 6021 142nd Avenue North, Clearwater, Florida, or at any offsite location pending further order of the court.

**Done and Ordered** in Tampa, Florida, this 2nd day of May 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record