**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**NAZAR F. TALIB; NUWAVE LIMITED; OMAR S. BANGAITAH; AHMED SALEM A BUGSHAN; AHMAD M AL AJLAN; ALI AL SABAH;CASTLE BRIDGE INVESTORS LTD.; IBRAHIM AL THERBAN; INTERNATIONAL FINANCIAL ADVISORS K.S.C.C.; KHALID AL ATTAL; KUWAIT INVESTMENT COMPANY; KUWAIT REAL ESTATE COMPANY; Q INVEST INC.; MADHDI M HAIDER; MOHAMMAD H AL DALL; NEDAL AL MASSOUD; OSAMA A AL ABDULJALEEL; PEARL OF KUWAIT REAL ESTATE CO.; SALEH AL SALMI; TAIBA GROUP INC; THERFIELD HOLDINGS; WALEED A AL ESSA; YASSER ZAKARIA AL NAHHAS; YOUSEF AL SALEH,**

  Plaintiffs,

v.                     **Case No. 8:05-cv-282-T-17TBM**

**SKYWAY COMMUNICATIONS HOLDING CORP.; BRENT KOVAR; JAMES KENT; JOY C. KOVAR,**

  Defendants.
_____/

**O R D E R**

  THIS MATTER is before the court on **Plaintiffs' Verified Emergency Motion for Expedited Accounting of SkyWay's Asset** (Doc. 58). By their motion, Plaintiffs seek an Order compelling Defendant SkyWay Communications Holding Corporation (hereinafter "SkyWay") to provide an accounting of corporate assets on or before May 6, 2005. As grounds, Plaintiffs again represent that they have learned that SkyWay is removing property from its offices, is destroying evidence, and is selling assets in contravention of this court's

Preliminary Injunction (Doc. 50). Plaintiffs argue that an accounting is necessary to enforce the preliminary injunction and to avoid the dissipation of assets. In response (Doc. 59), Defendants argue that an accounting is unnecessary because of their compliance with the Preliminary Injunction and because of the availability of expedited discovery to Plaintiffs.[1]

At this time, Plaintiffs have failed to demonstrate convincingly the need to compel an accounting of Defendants' assets. Accepting Defendants' counsel's representations that the Defendants are in full compliance with the Preliminary Injunction (Doc. 50) entered by this court on April 27, 2005, and that discovery has been available to the Plaintiffs, the court finds no basis to enter an emergency order directing an accounting of corporate assets. Plaintiffs may seek information concerning Defendants' assets in the usual manner, by discovery.

Accordingly, it is **ORDERED** that **Plaintiffs' Verified Emergency Motion for Expedited Accounting of SkyWay's Asset** (Doc. 58) is **DENIED**.

**Done and Ordered** in Tampa, Florida, this 6th day of May 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[1] This court has previously granted Plaintiffs permission to seek expedited discovery. See (Doc. 41 at 17, n.11). As outlined in the Defendants' response, Plaintiff have sought discovery but, significantly, have cancelled scheduled depositions of the two employees upon whom they rely to support their most recent allegations of destruction or dissipation of corporate assets. Thus, it appears that Plaintiffs have scheduled and cancelled the depositions of John Jebens and David Huy, as well as Bruce Baker and Bank of America. The cancelling of the depositions does not appear attributable to any conduct of Defendants or their counsel and leaves Plaintiffs' motion supported only by the self-serving hearsay from Mr. Talib.

2