UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAZAR F. TALIB, et al.,

    Plaintiffs,

vs.                                                          CASE NO. 8:05-CV-282-T-17TBM

SKYWAY COMMUNICATIONS
HOLDING CORP., et al.,

    Defendants.
_____/

## ORDER

This cause is before the Court on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, filed on April 7, 2005 (Docket No. 42); Defendants' Motion to Readopt and Request for Judicial Notice, filed on April 7, 2005 (Docket No. 43); and Plaintiffs' response thereto, filed April 28, 2005 (Docket No. 54).

## BACKGROUND

On December 14, 2004, Plaintiff, NAZAR F. TALIB, individually, and on behalf of certain shareholders and derivatively on behalf of all shareholders (the "Plaintiffs") of SKYWAY COMMUNICATIONS HOLDING CORP. (the "Defendants") filed a complaint (the "Complaint") against the Defendants, in the United States District Court for the Eastern District of Arkansas pursuant to 28 U.S.C. § 1331 (2005) (federal question), as the Complaint alleged violations of Sections 12(a)(1) and (2) of the Securities Act of 1933 (15 U.S.C. §77 (2005)). Additionally, jurisdiction arose under 28 U.S.C. § 1332(a)(2) (2005), as the action involves citizens of different states and an amount in controversy greater than $75,000.00. Furthermore, supplemental jurisdiction arose under 28 U.S.C. §1367(a) (2005).

1

CASE NO. 8:05-CV-282-T-17TBM

  In the Complaint, the Plaintiffs set forth a series of allegations: (1) multiple violations of federal and state securities laws; (2) breach of contract; (3) breach of fiduciary duty; (4) fraud; (5) negligently, recklessly or intentionally false representations; and (6) negligence. (Docket No. 2, page 15) The Plaintiffs sought the following remedies: (1) rescission; (2) the return of the Plaintiffs' investments; (3) pre-judgment and/or post-judgment interest; (4) all attorney's fees and costs incurred; (5) exemplary and punitive damages; and (6) a Temporary Restraining Order and subsequent preliminary and permanent injunction enjoining the Defendants from transferring or encumbering the funds in question held by the Defendants or its agents and affiliates. (Docket No. 2, page 15) Pursuant to 28 U.S.C. § 1404(b) (2005), on February 10, 2005, Judge William R. Wilson of the United States District Court for the Eastern District of Arkansas, Jonesboro Division, transferred the Complaint to this Court. (Docket No. 1) On February 11, 2005, the case was assigned to District Judge Elizabeth A. Kovachevich and to Magistrate Judge Thomas B. McCoun, III by the Clerk of this Court. (Docket No. 3)

  The Plaintiffs filed an Amended Complaint (the "First Amended Complaint") Against All Defendants on March 8, 2005. (Docket No. 13) On that same date, the Plaintiffs filed a Motion for Temporary Restraining Order Freezing Defendants' Assets and for Expedited Discovery; accompanying this motion was a supporting memorandum. (Docket Nos. 14, 15) This Court, on March 9, 2005, entered an order referring the motion to Magistrate Judge McCoun for all further necessary proceedings. (Docket No. 21) Additionally, on March 14, 2005, the Plaintiffs filed a Motion for Emergency Entry of an Order or Hearing on Plaintiff's Motion for a Temporary Restraining and Request for Expedited Discovery. (Docket No. 23) Furthermore, on March 17, 2005, Magistrate Judge McCoun entered an order granting in part the Plaintiffs' Motion for Emergency Entry of Order or Hearing on Plaintiffs' Motion for a Temporary Restraining Order and Request for Expedited Discovery. (Docket No. 24) On March 21, 2005, the Defendants filed their Response in Opposition to Plaintiffs' Motion for Temporary Restraining Order Freezing Defendants' Assets and for Expedited Discovery and Plaintiffs' (Subsequent) Motion for Emergency Entry of an Order or Hearing on Same. (Docket No. 26)

CASE NO. 8:05-CV-282-T-17TBM

      The Plaintiffs filed Plaintiffs' Reply Memorandum in Support of Motion for Temporary Restraining Order Freezing Defendants' Assets and for Expedited Recovery on March 24, 2005. (Docket No. 27) On March 28, 2005, the Defendants filed a Motion to Strike the Plaintiffs' Unauthorized Reply Memorandum. (Docket No. 36) Magistrate Judge McCoun, on April 5, 2005, entered a Report and Recommendation (the "R&R") recommending that the Court grant in part Plaintiffs' Motion for Temporary Restraining Order Freezing Defendants' Assets and for Expedited Discovery. (Docket No. 41) Additionally, in the R&R, Magistrate Judge McCoun denied the Defendants' Motion to Strike the Plaintiffs' Reply Memorandum and granted the Plaintiffs' Motion for Permission to File a Reply Brief. (Docket No. 41) This Court adopted the R&R by Order of April 27, 2005. (Docket No. 50)

      On April 7, 2005, the Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint. (Docket No. 42) On that same date, the Defendants filed a Motion to Readopt the Previously Filed Affidavits of James Kent and Brent Kovar (the "Individual Defendants"), Declaration of Michael Biles and Request for Judicial Notice. (Docket No. 43) The Plaintiffs filed their response on April 28, 2005. (Docket No. 54) Finally, on June 15, 2005, the Defendants notified this Court that Defendant Skyway Communications Holding Corp. (the "Corporate Defendant") filed a petition with the United States Bankruptcy Court for the Middle District of Florida seeking Chapter 11 protection on June 14, 2005. (Docket No. 77)

## **DISCUSSION**

      The question presented here is generally one of procedure; specifically, the question is whether the Plaintiffs' lawsuit should be dismissed due to the multitude of reasons claimed by the Defendants. This Court will address each of the Defendants' arguments below. Additionally, this Court will address the questions of whether to readopt documents previously filed with the United States District Court for the Eastern District of Arkansas and whether to grant judicial notice of specific SEC filings of the Defendants.

CASE NO. 8:05-CV-282-T-17TBM

The filing of a petition under Chapter 11 of the U.S. Bankruptcy Code acts as an automatic stay against any claim adverse to the entity filing for bankruptcy protection. (11 U.S.C.S. § 362 (LEXIS 2005)). On June 15, 2005, the Defendants notified this Court that the Corporate Defendant filed a petition with the United States Bankruptcy Court for the Middle District of Florida seeking Chapter 11 protection on June 14, 2005. (Docket No. 77) This petition places a stay on all claims against the Corporate Defendant, therefore, this Court will not address such claims. However, this Court will address the Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint as it relates to the Individual Defendants. (Docket No. 42) Additionally, this Court will address the Defendants' Motion to Readopt the Previously Filed Affidavits of James Kent and Brent Kovar, Declaration of Michael Biles and Request for Judicial Notice. (Docket No. 43)

**I.** **Defendants' Motion to Dismiss**

**A.** **Defendants' Argument Regarding Plaintiffs' Failure to State a Claim**

As a defense to a plaintiff's complaint, a defendant may file a motion with the court when the plaintiff has failed to state a claim under which relief can be granted. (Fed. R. Civ. P. 12(b)(6)). Under Fed. R. Civ. P. 12(b)(6) ("12(b)(6)"), a cause of action should only be dismissed for failure to state a claim when it appears, beyond doubt, that the plaintiff will be unable to prove a set of facts in support of a theory of recovery entitling the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Additionally, the Eleventh Circuit has held that dismissal under Rule 12(b)(6) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" of the complaint. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1326 (11th Cir. 2004).

Furthermore, when a federal court reviews a complaint's sufficiency, the issue is not whether the plaintiff will ultimately emerge victorious, but whether the claimant is entitled to offer evidence to support the claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Finally, in its review of a request for a preliminary injunction, the court must examine four

CASE NO. 8:05-CV-282-T-17TBM

factors, one of which is the moving party's likelihood of success. *Pippin v. Playboy*, 2003 U.S. Dist. LEXIS 25415, *5 (M.D. Fla. 2003).

This Court notes, and the Plaintiffs correctly observe, that the Defendants filed their Motion to Dismiss the Plaintiffs' First Amended Complaint without citing any federal rule of civil procedure for such dismissal. This Court will agree with the Plaintiffs' assumption that the Defendants filed their motion pursuant to 12(b)(6). The United States Supreme Court has stated that a court should dismiss a cause of action for failure to state a claim only when the plaintiff is unable to prove beyond a reasonable doubt any set of facts supporting any theory of recovery entitling the plaintiff to relief. *Conley*, 355 U.S. at 45-46.

In the present case, this Court entered an Order on April 27, 2005 adopting Magistrate Judge McCoun's R&R granting a preliminary injunction. (Docket Nos. 41, 50) In determining whether to grant a preliminary injunction, one of the factors that a court must examine is the plaintiff's likelihood of success. *Pippin*, 2003 U.S. Dist. LEXIS 25415 at *5. Thus, using the standards outlined above, in order for Magistrate Judge McCoun to suggest that this Court enter a preliminary injunction in favor of the Plaintiffs, after a hearing and briefing on the issue, Magistrate Judge McCoun would need to find that the Plaintiffs were substantially likely to succeed on the merits in the present case regarding the Plaintiffs' federal securities claims. As mentioned above, Magistrate Judge McCoun made such a suggestion in the R&R and this Court entered an Order for a preliminary injunction in favor of the Plaintiffs. Therefore, this Court finds that the Plaintiffs have stated a claim upon which relief may be granted.

**B.**     **Defendants' Argument Regarding the Statute of Limitations**

The Defendants claim that the Plaintiffs' claims pursuant to § 12 of the Securities Act of 1933 are barred by a one year statute of limitations. The Plaintiffs counter with the argument that the Defendants used the incorrect statute of limitations and argue that Section 804 of the Sarbanes-Oxley Act extended the statute of limitations regarding securities fraud claims to the earlier of: (1) 2 years after the date of discovery of the violation; or (2) 5 years after the violation. (Docket No. 54, page 9)

CASE NO. 8:05-CV-282-T-17TBM

Due to the Corporate Defendant's petition with the bankruptcy court for Chapter 11 protection, this issue is currently moot. If the Corporate Defendant re-emerges from Chapter 11 protection, the Corporate Defendant may file a new motion to dismiss, if appropriate.

**C.   Defendants' Argument Regarding Plaintffs' Failure to Plead Fraud with Particularity**

Fed. R. Civ. P. 9(b) ("9(b)") states that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally." According to the Eleventh Circuit, 9(b) requires that allegations of fraud include: (1) precisely what [false or fraudulent] statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the Plaintiff; and (4) what the defendants obtained as a consequence of the fraud. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997).

To comply with 9(b), fraud allegations need to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). Additionally, mere conclusory allegations of fraud are insufficient. *Moore v. Kayport Package Express, Inc.* 885 F.2d 531, 540 (9th Cir. 1989).

In the case of allegations of widespread fraud, courts will adhere to a relaxed standard. Courts will only apply this relaxed standard, however, when the plaintiff alleges that the "necessary information lies within the defendant's control" and includes a "statement of facts upon which the allegations are based." *See United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga., Inc.,* 755 F.Supp. 1040, 1052 (S.D.Ga. 1990). This relaxed standard does not obviate the duty of the plaintiff to fully plead fraud allegations.

6

CASE NO. 8:05-CV-282-T-17TBM

*See Anthony Distribs., Inc. v. Miller Brewing Co.,* 904 F.Supp. 1363, 1366 (M.D.Fla. 1995). In *Anthony,* the court reasoned that even though the Plaintiff alleged a time-frame and the identity of individuals who may have made fraudulent representations, the failure to adequately plead the contents of the alleged fraudulent representations was fatal to the allegations even in light of the relaxed standard. *See Id.*

The Individual Defendants claim that the Plaintiffs violated 9(b) by failing to plead their fraud claims with particularity. The Plaintiffs argue that both the Complaint and First Amended Complaint are sufficiently precise and detailed. This Court agrees with the Plaintiffs that the fraud claims in both the Complaint and the First Amended Complaint are pled with sufficient particularity to meet 9(b)'s requirements.

In the Eleventh Circuit standard laid out above by *Brooks*, it merely requires that all four factors are present in the complaint; at no point in the opinion does the Eleventh Circuit say that all four factors must be in the same section of the document. The Defendants argue that the Plaintiffs' fraud claims in their First Amended Complaint fail to meet (2) and (3) of the four factors listed above. In the First Amended Complaint, the Plaintiffs cite to multiple press releases which they allege proved to be misleading and/or false. (Docket No. 13, pages 14-15) The Plaintiffs have provided the dates of such press releases and the content of the releases. (Docket No. 13, pages 14-15) Although the Plaintiffs fail to provide the actual person responsible for the statement, the Corporate Defendant is not a large corporation. It is perfectly reasonable for both the Plaintiffs and this Court to believe that the Individual Defendants, the CEO and President, knew of these releases prior to their dissemination to the public.

Additionally, it is unnecessary to debate (3) above, as the content and manner in which the statements misled the Plaintiffs is obvious. The Defendants disseminated press releases which stated that the Corporate Defendant was receiving funding from various sources. These statements were prior to the Plaintiffs' purchase of the stock and likely played a large role in such purchase. In releasing information regarding the funds to be received from various entities and sources, the Defendants made an investment in the corporation appear to be far more prudent

CASE NO. 8:05-CV-282-T-17TBM

than it really was.

Finally, this Court acknowledges the purpose behind 9(b) is to provide the defendant with enough information so that they can respond to the specific allegations against them. *Bly-Magee*, 236 F.3d at 1019. 9(b) was created to prevent defendants from strike suits and suits in which the plaintiffs would use discovery to find the factual bases for their claims. As stated above, this is not the situation before this Court. In both the Complaint and the First Amended Complaint, the Plaintiffs have provided the Defendants with enough information to identify the specific claims against them and respond with specificity. Therefore, this Court finds that the Plaintiffs have pled their fraud allegations with the requisite particularity required under 9(b).

**D.     Defendants' Argument Regarding the Statements of Fraud as Forward Looking Opinions**

The Defendants contend that the Plaintiffs' fraud-based claims fail due to their reliance on allegedly forward looking statements which the Defendants claim are not actionable as fraud. This argument is fact-based and, therefore, not one that is appropriate for this Court to address at this stage. The Defendants may raise this argument at a future stage, if they choose to do so.

**E.     Defendants' Argument Regarding the Business Judgment Rule**

Under Florida's "business judgment rule", a director will generally not be personally liable for "monetary damages to the corporation or any other person for any statement, vote, decision, or failure to act, regarding corporate management or policy." Fl. Stat. § 607.0831 (2005). As long as due care was exercised, Florida's business judgment rule protects a "good" director (one who did not act fraudulently, oppressively, illegally or in bad faith) who made an honest error or mistake in judgment, but does not protect a "bad" director (one who acted fraudulently, oppressively, illegally or in bad faith) who made a bad decision. *Bal Harbour Club v. Ava Dev.*, 316 F.3d 1192, 1195 (11th Cir. 2003). It is debatable whether a court should consider the protection of the business judgment rule on a motion to dismiss. *Amerifirst Bank v. Bomar*, 757 F. Supp. 1365, 1376 (S.D. Fla. 1991). Allegations of fraud by executives, for their

8

CASE NO. 8:05-CV-282-T-17TBM

own personal gain, would remove the executives' management decisions outside the scope of the business judgment rule. *Id*.

The Individual Defendants attempt to hide behind the business judgment rule in defending their purchases of multiple Hummer vehicles, a skybox at Raymond James Stadium, Defendants' purchase of an allegedly overpriced patent from Kovar (one of the Individual Defendants), and the hiring of family members as highly-salaried employees in the Defendants' organization. The Corporate Defendant has now filed for bankruptcy protection and has, to date, lost millions of dollars. As discussed above, the Plaintiffs have pled their fraud claims with sufficient particularity. It is, therefore, premature for the business judgment rule to be applied at this stage of the case, as discovery has not commenced. Additionally, according to *Amerifirst*, it is arguable whether the business judgment rule should be applied on a motion to dismiss. *Id*. This Court chooses not to do so.

Furthermore, this Court notes that the purchases of multiple expensive Hummer vehicles and a skybox, while also hiring close family members who ostensibly appear unqualified for their respective positions with the corporation, do not seem to fall in the category of "an honest error or mistake in judgment." All of these purchases benefitted the Individual Defendants or their families in one way or another and were not investments that a newly formed corporation exercising due care probably would undertake. Thus, according to *Amerifirst*, because of the alleged frauds resulting in personal benefit to the executives, these management decisions may be removed from the scope of the business judgment rule. *Id*. Therefore, this Court finds that the business judgment rule does not protect the Individual Defendants from the Plaintiffs' claims at this point in time.

**II.     Defendants' Request for Judicial Notice**

The Defendants have asked this Court to take judicial notice of the Defendants' SEC filings. (Docket Nos. 4, 43) The Defendants have cited two cases from the Eighth Circuit (not binding in this Circuit) in support of their request and have not stated what they want this court to notice (or why they want this Court to notice it). This Court will not review over one hundred

CASE NO. 8:05-CV-282-T-17TBM

(100) pages of SEC filings and guess what the Defendants want this Court to take notice of and why this Court should take such notice. Therefore, this Court declines to take the notice requested by the Defendants.

### III. Defendants' Motion to Readopt

The Defendants have filed a Motion to Readopt with this Court. This issue is moot, as the documents that the Defendants ask this Court to readopt are already part of the record. They were filed with the United States District Court for the Eastern District of Arkansas, Jonesboro Division and were sent to this Court when this case was transferred to it.

For the foregoing reasons, this Court holds that: (1) the Plaintiffs have stated a claim for which relief can be granted; (2) the Plaintiffs have pled their fraud claims with the requisite particularity under 9(b); and (3) Florida's business judgment rule does not protect the Individual Defendants. Additionally, this Court holds that there is no reason to take judicial notice of the Defendants' SEC filings or to readopt the documents previously filed with the United States District Court for the Eastern District of Arkansas, Jonesboro Division. Accordingly, it is

**ORDERED** that the Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Docket No. 42) be **DENIED**, the Defendants' Request for Judicial Notice (Docket No. 43) be **DENIED**, the Defendants' Motion to Readopt (Docket No. 43) be **DENIED** as moot, and the Individual Defendants shall answer the First Amended Complaint within ten (10) days of this date.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 7th day of July, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record