**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**NAZAR F. TALIB, et al.,**

    **Plaintiffs,**

**v.**                                                 **Case No. 8:05-cv-282-T-17TBM**

**SKYWAY COMMUNICATIONS
HOLDING CORP.; BRENT KOVAR;
JAMES KENT; JOY C. KOVAR,**

    **Defendants.**

_____/

**O R D E R**

THIS MATTER is before the court on the **Plaintiffs' Notice of Filing Affidavit of Attorneys' Fees** (Doc. 114). Defendants did not any responsive pleading directed to this affidavit.

Previously, this court entered an Order (Doc. 107) imposing sanctions against Defendant Joy C. Kovar pursuant to Rule 37 of the Federal Rules of Civil Procedure for her deliberate nonappearance at her deposition scheduled for June 17, 2005. As sanctions, the court awarded Plaintiffs reasonable attorney's fees and costs associated with the deposition and the motion for contempt, and the court directed counsel to submit an affidavit of fees and costs. See id.

In response, Solomon Tropp filed an affidavit (Doc. 114-2) setting forth its attorneys' and paralegal's hours expended, hourly rates charged, and the total amount billed. According to its statement, the firm expended a total of 17.10 hours for a total amount of $5,724.00. However, counsel failed to submit an itemized billing statement that specifies the nature of

the work performed and the time expended for such work in a manner that would allow the court to determine the reasonableness of the request. In awarding attorney's fees, the primary factors to consider are the time expended and the hourly rate. Andrews v. United States, 122 F.3d 1367, 1375 (11th Cir. 1997) ("The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate."). Based on this court's own experience and knowledge of customary fees in this market for similar work, in consideration of counsel's experience and the fact that some discovery was taken, the court concludes that the hours expended are somewhat excessive as are the hourly rates for this type work. Therefore, in its discretion, the court finds that $3,000.00 constitutes a reasonable attorney's fee and appropriate sanction associated with the deposition in question. Plaintiffs' counsel is awarded this amount. The costs in the amount of $225.00 for Kanabay Court Reporters' services is reasonable and is also awarded.

Defendant Joy C. Kovar is directed to pay $3,225.00 to The Solomon Tropp Law Group, P.A., 400 North Ashley Plaza, Suite 3000, Tampa, Florida, 33602-4331, within thirty (30) days from the date of this Order. Failure to do so may result in further contempt findings against Ms. Kovar.

**Done and Ordered** in Tampa, Florida, this 6th day of September 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Elizabeth A. Kovachevich, United States District Court
Counsel of Record