**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**NAZAR F. TALIB, et al.,**

    **Plaintiffs,**

**v.**                                                         Case No.  8:05-cv-282-T-17TBM

**SKYWAY COMMUNICATIONS**
**HOLDING CORP.; BRENT KOVAR;**
**JAMES KENT; JOY C. KOVAR,**

    **Defendants.**
                                       /

**O R D E R**

THIS MATTER is before the court on **Solomon Tropp's Motion to Withdraw as Counsel for Plaintiffs** (Doc. 112), **Plaintiff[s'] Motion for Stay** (Doc. 113), and the Individual Defendants' response in opposition (Doc. 117); and the parties' **Joint Motion for Enlargement of Time to File Amended Case Management Report** (Doc. 115).

By its motion, the Solomon Tropp Law Group, P.A. (hereinafter "Solomon Tropp"), seeks an order allowing it to withdraw as counsel for the Plaintiffs.  As grounds, Solomon Tropp argues that irreconcilable differences have arisen between counsel and Plaintiffs.  By separate motion, Plaintiffs seek a stay of thirty days or some other reasonable period of time in order to obtain replacement counsel.  By their response, Defendants Brent Kovar, James Kent, and Joy C. Kovar advise that they do not oppose Solomon Tropp's motion to withdraw, but they do oppose Plaintiff's request for a stay of proceedings.  Defendants argue, in essence, that when their counsel had earlier moved to withdraw in these proceedings, there was no stay or delay in the litigation, and one is not warranted here.  Defendants note that Plaintiffs

remain represented by Frank L Watson, Esq., of Watson Burns, PLLC, and Ralph T. Gibson, Esq., of Bateman Gibson, L.L.C., of Memphis, Tennessee.  Citing to outstanding discovery and several pending motions, Defendants indicate that they wish this matter to proceed to resolution on the merits and object to the delay that would be caused by the entry of a stay.

Plaintiffs were represented by Mr. Gibson and Mr. Watson when this action was filed in the United States District Court for the Middle District of Arkansas on December 14, 2004.  The case was transferred to this court on February 14, 2005.  Daniel J. Fleming and Stephen N. Gordon of Melkus, Fleming & Gutierrez, P.L., filed a notice of appearance as local counsel, see (Doc. 11), and Mr. Watson and Mr. Gibson were granted permission to appear *pro hac vice* on behalf of Plaintiffs.  See (Docs. 18, 20).  Mr. Watson and Mr. Gibson filed their special admission attorney certification forms and paid the requisite fees.  See docket entry dated March 22, 2005.  On April 14, 2005, Solomon Tropp and Melkus, Fleming & Gutierrez filed a Stipulation for Substitution of Counsel, which was granted the next day.[1]  See (Docs. 44, 48).  A review of the court file reveals that Mr. Gibson and Mr. Watson remain counsel of record for the Plaintiffs.

There is no objection by any party to the withdrawal of Solomon Tropp as local counsel, and Solomon Tropp has demonstrated good cause for its withdrawal from this case.  Accordingly, Solomon Tropp's motion to withdraw (Doc. 112) is **GRANTED**, and Solomon Tropp is relieved of any further responsibility in this case.  Mr. Gibson and Mr. Watson are directed to designate replacement local counsel within fifteen (15) days from the date of this Order.

---

[1]The court notes that all of Plaintiffs' pleadings from this point onward have been filed by Solomon Tropp.

Regarding the motion for stay, because there has been no interruption in Plaintiff's representation, they demonstrate no good cause to stay this action and delay the proceedings.

By their joint motion for an extension of time in which to file an Amended Case Management Report (Doc. 115), the parties represent that they convened for a second case management conference on August 18, 2005, at which Solomon Tropp advised Defendants' counsel of its intent to withdraw. Thus, it appears that counsel did not actually confer about case management and scheduling deadlines, and they failed to file an Amended Case Management Report to pursuant to this court's Order (Doc. 107) of August 4, 2005. The parties propose to resume a case management conference within ten days of the appearance of successor counsel and to file an Amended Case Management Report within eleven days thereafter. However, as discussed above, Plaintiffs are currently represented, and counsel are directed to resume their case management conference within <u>twenty (20) days</u> and to file an Amended Case Management Report on or before <u>September 30, 2005</u>.

Accordingly, is it **ORDERED** that **Solomon Tropp's Motion to Withdraw as Counsel for Plaintiffs** (Doc. 112) is **GRANTED**; **Plaintiff[s'] Motion for Stay** (Doc. 113) is **DENIED**; and the **Joint Motion for Enlargement of Time to File Amended Case Management Report** (Doc. 115) **GRANTED in part** as set out herein.

**Done and Ordered** in Tampa, Florida, this 6th day of September 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Elizabeth A. Kovachevich, United States District Court
Counsel of Record