**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**NAZAR F. TALIB, et al.,**

    **Plaintiffs,**

v.                                                 Case No.  **8:05-cv-282-T-17TBM**

**SKYWAY COMMUNICATIONS
HOLDING CORP.; BRENT KOVAR;
JAMES KENT; JOY C. KOVAR,**

    **Defendants.**

_____/

**O R D E R**

THIS MATTER is before the court on the following motions:

(1)   **Plaintiffs' Sixth Motion for Contempt and for Sanctions Against Joy Kovar for Failure [to] Produce Documents in Response to Amended Notice of Taken** (sic) **Deposition Duces Tecum** (Doc. 92);

(2)   **Plaintiffs' Seventh Motion for Contempt and for Sanctions Against Brent Kovar, Joy Kovar and James Kent for Additional Violations of the Preliminary Injunction Order of April 27, 2005 and for Violations of the Court's Order of June 3, 2005** (Doc. 97);

(3)   **Plaintiffs' Eighth Motion for Contempt and for Sanctions Against Joy Kovar for Failure to Produce Documents in Response to Notice of Taking Continued Video Deposition Duces Tecum of Joy Kovar** (Doc. 98); and

(4)   **Plaintiffs' Ninth Motion for Contempt and for Sanctions Against Glenn Kovar for Failure [to] Produce Documents in Response to Subpoenas for Deposition Duces Tecum of Glenn Kovar** (Doc. 99).

Defendants filed a response in opposition to the sixth, eighth, and ninth motions for contempt and a **Motion for Protective Order**. See (Docs. 118, 119).[1]  Plaintiffs failed to file a response to the motion.

Previously, this court entered an Order (Doc. 107) imposing Rule 37 sanctions against Defendant Joy C. Kovar for her deliberate nonappearance at her deposition scheduled for June 17, 2005, and awarded The Solomon Tropp Law Group, P.A., $3,225.00 in attorney's fees and costs associated with the deposition. See (Doc. 121).  The court also ordered Defendant Joy C. Kovar to appear for deposition on July 15, 2005. See (Doc. 83). Plaintiffs served Ms. Kovar with an amended notice of taking video deposition duces tecum (Doc. 92-2), which included an extensive list of SkyWay documents to be produced at the deposition.  Ms. Kovar appeared for her deposition on that date, but because Ms. Kovar was not feeling well, the deposition was not completed.  The deposition was scheduled to be continued on July 19, 2005, and Plaintiffs served Ms. Kover with a notice of continuation (Doc. 98-2), which again listed the documents to be produced at the deposition.  Ms. Kovar appeared for the continuation of her deposition on this date.  The transcripts from her deposition reflect that Ms. Kovar failed to produce any of the documents responsive to the documents, and she made no attempts to locate such documents.

By Plaintiffs' sixth and eighth motions (Docs. 92, 98), Plaintiffs seek an order holding Ms. Kovar in contempt of court, compelling Ms. Kovar to produce the documents, entering a default against Ms. Kovar, and requiring Ms. Kovar to pay attorney's fees and costs associated with the motions.  In response, Defendants argue that Ms. Kovar is not and

---

[1]These pleadings are identical but entered separately in CM-ECF.

has never been the records custodian for SkyWay; she has had no contact with the corporate offices since leaving on April 24, 2005; and she no longer has access to SkyWay's records since ECI Telecom changed the locks to SkyWay's former offices.

There is no dispute that the SkyWay records are still on the premises of its former offices. Although she is not and was not a records custodian for SkyWay, Ms. Kovar had again assumed to act as an officer and director of SkyWay, a debtor in possession, in the Chapter 11 bankruptcy proceedings. While Defendants contend that Ms. Kovar has had no access to the responsive documents, they acknowledge that on July 13, 2005, SkyWay obtained a Turnover Order from Judge Glenn in the bankruptcy proceedings, which granted SkyWay access to all of its books, records, computers, and related business property maintained at its former offices. See (Doc. 118-5 at 6, 7). However, Ms. Kovar has never made any effort to obtain access to the responsive documents. More significantly, she never made any objections to the notice the court before refusing to comply with the production request, and she has failed to ever produce a single document. Such actions evidence a continued effort by the Defendants to thwart Plaintiffs' efforts to take discovery in this case. Under these circumstances, the court finds that sanctions are again warranted against Ms. Kovar for her failure to produce documents at her depositions. Accordingly, Plaintiff's eighth motion for contempt (Doc. 98) is granted to the extent that Solomon Tropp is awarded fees associated with bringing the motion.[2] Solomon Tropp is directed to submit an affidavit of itemized fees and costs associated with the motion (Doc. 98) <u>within fifteen (15) days</u> from the date of this Order.

---

[2]In the circumstances, only one motion will be compensated.

A similar motion has been brought against Glenn Kovar for his failure to produce any documents at his deposition as well. See (Doc. 99). Here, the facts again indicate that while Mr. Kovar appeared for his deposition and testified, he failed to produce any of the requested documents and in fact made no effort to do so. However, unlike Joy Kovar, Glenn Kovar is not an officer or director in SkyWay, and there is no clear showing that he had either access or rights to the documents at issue. In these circumstances, the court cannot find a willful violation, and the ninth motion (Doc. 99) is denied.

By their seventh motion for contempt (Doc. 97), Plaintiffs argue that the Defendants caused SkyWay to violate this court's Preliminary Injunction and Order of June 3, 2005 (Doc. 73), by causing Skyway to file Chapter 11 bankruptcy proceedings in bad faith and for the sole purpose of causing delay and thwarting the efforts of Plaintiffs to prosecute their claims. By its order of June 3, 2005, the court granted Plaintiffs' motion to compel production of documents as against Skyway (Doc. 63) and directed Skyway to produce documents responsive to Plaintiffs' First Request for Production of Documents Directed to SkyWay Communications Holding Corporation. By this Order, the court directed Skyway to produce the responsive documents within ten days from the date of the Order, or June 22, 2005.[3] Plaintiffs urge that rather than complying with the court's Order, Defendants initiated Bankruptcy proceedings on June 14, 2005, after reconstituting themselves as the directors of SkyWay in what Plaintiffs term a ruse undertaking designed to defeat the court's processes.

---

[3] Although Plaintiffs urge that the production of documents was due by June 13, 2005, pursuant to this Order, Rule 6(a) and (e) of the Federal Rules of Civil Procedure dictates that the production deadline was June 22, 2005.

Upon consideration, this motion for contempt is denied without prejudice. In principle, the preliminary injunction in this case was not violated by Skyway's seeking bankruptcy protection without the permission of this court. While the circumstances of the case are most peculiar, whether the petition was filed in bad faith to defeat the processes of this court is a matter presently before the bankruptcy court.[4] The court finds it appropriate to defer to the Bankruptcy Court for such a finding.

By their motion for protective order (Doc. 119), Defendants seek the entry of an order allowing Defendants to comply with Rule 34(b) by providing access to and inspection of the records as maintained in the usual and customary course of business and requiring Plaintiffs to bear the cost of copying. At present, the motion is denied. The court will notice this matter for a status conference regarding discovery by separate order.

Accordingly, it is **ORDERED** that

(1) **Plaintiffs' Sixth Motion for Contempt and for Sanctions Against Joy Kovar for Failure [to] Produce Documents in Response to Amended Notice of Taken** (sic) **Deposition Duces Tecum** (Doc. 92) and **Plaintiffs' Eighth Motion for Contempt and for Sanctions Against Joy Kovar for Failure to Produce Documents in Response to Notice of Taking Continued Video Deposition Duces Tecum of Joy Kovar** (Doc. 98) are **GRANTED in part** and **DENIED in part** as set out herein;

(2) **Plaintiffs' Seventh Motion for Contempt and for Sanctions Against Brent Kovar, Joy Kovar and James Kent for Additional**

---

[4]In the bankruptcy action, Plaintiffs (the Talib parties) have filed a motion to dismiss pursuant to 11 U.S.C. § 1112(b) asserting a similar argument of bad faith. See Case No. 8:05-bk-11953-PMG (Doc. 52). The United States Trustee has filed a Motion to Dismiss or Convert Chapter 11 Case (Doc. 104) to one under Chapter 7. A hearing on the motion is scheduled for September 27, 2005. See (Doc. 108). Plaintiffs also filed a Motion to Convert or Appoint Chapter 11 Trustee (Doc. 115), in which it incorporates its prior motion to dismiss and the United States Trustee's motion to dismiss or convert.

> **Violations of the Preliminary Injunction Order of April 27, 2005 and for Violations of the Court's Order of June 3, 2005** (Doc. 97) is **DENIED without prejudice**;

(3) **Plaintiffs' Ninth Motion for Contempt and for Sanctions Against Glenn Kovar for Failure [to] Produce Documents in Response to Subpoenas for Deposition Duces Tecum of Glenn Kovar** (Doc. 99) is **DENIED**; and

(4) Defendants' **Motion for Protective Order** (Doc. 119) is **DENIED**.

**Done and Ordered** in Tampa, Florida, this 15th day of September 2005.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record