**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**NAZAR F. TALIB, et al.,**

   **Plaintiffs,**

**v.**              **Case No.  8:05-cv-282-T-17TBM**

**SKYWAY COMMUNICATIONS**
**HOLDING CORP.; BRENT KOVAR;**
**JAMES KENT; JOY C. KOVAR,**

   **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the court on the following motions:

  (1) **Plaintiffs' Fourth Motion for Contempt and for**
     **Sanctions Against Brent Kovar, James Kent and Joy**
     **Kovar for Violations of the Order on Motion to**
     **Withdraw of June 8, 2005** (Doc. 87);

  (2) **Joy Kovar's Motion for Reconsideration** (Doc. 126);

  (3) **Defendants' Motion to Strike the Complaint and Causes**
     **of Action of Corporate Plaintiffs for Failure to Retain**
     **New Counsel and Supporting Memorandum of Law**
     (Doc. 168) and Plaintiffs' response in opposition (Doc. 172);

  (4) **Defendants' Motion for Sanctions for Failure to Respond**
     **to Discovery, and Supporting Memorandum of Law**
     (Doc. 167) as against all Plaintiffs and Plaintiffs' response in
     opposition (Doc. 171);

  (5) **Defendants' Motion for Sanctions for Failure to Respond**
     **to Discovery, and Supporting Memorandum of Law**
     (Doc. 169) as against Plaintiffs Nazar F. Talib, Nuwave

> Limited, Castle Bridge Investors, Ltd., Taiba Group, Inc.,
> Therfield Holdings, Yousef Al Saleh, Q Invest, Inc., and
> Plaintiffs' response in opposition (Doc. 171); and

(6)   **Plaintiffs's** (sic) **Motion to Compel Disclosures Required
by Federal Rule of Civil Procedure 26** (Doc. 170), to
which no response was filed by Defendants.

With respect to Plaintiffs' fourth motion for contempt (Doc. 87), the undersigned

previously certified the matter pursuant to 28 U.S.C. § 636(e)(6)(B) to the district judge for

consideration.  The Honorable Elizabeth A. Kovachevich conducted a show cause hearing on

the matter on August 15, 2005, see (Doc. 109), and deferred ruling on the motion.  See (Doc.

108).  The court further ordered:

> The defendants are directed to proceed forward in this case
> in an expeditious manner and to comply with all orders of
> this court.  If the defendants fail to comply with the orders of
> this court, the magistrate judge is directed to return the
> matter for further proceedings.

Id.

Upon consideration, the Defendants have complied with the orders of the court since

counsel's appearance on their behalf.  See (Doc. 91).  Notwithstanding the allegations in the

pending motion to compel Rule 26 disclosures (Doc. 170), Defendants appear to be

participating in this litigation and moving this case forward.  Therefore, at this point in the

proceedings, no further action appears necessary with respect to this motion, and it is

**DENIED WITHOUT PREJUDICE**.  The Clerk is directed to terminate the motion.

By her motion for reconsideration (Doc. 126), Defendant Joy Kovar seeks an Order

reversing its decision (Doc. 123) granting Plaintiffs' sixth and eighth motions for contempt

(Docs. 92, 98) against her.  This court previously considered the matter on the original

2

motions for contempt, <u>see</u> (Docs. 78, 79), on the renewed motions, <u>see</u> (Docs. 92, 98), and after hearings conducted on July 7 and 27, 2005.  <u>See</u> (Docs. 86, 103).  In part, the court granted Solomon Tropp attorney's fees associated with the motions based on Ms. Kovar's failure to attempt to obtain documents for production at her deposition.  <u>See</u> (Doc. 123).

While this court is still not convinced of Ms. Kovar's efforts to produce the responsive documents last summer, as discussed above, the Defendants have participated in this litigation, including discovery, since the appearance of their counsel.  Additionally, Solomon Tropp has since withdrawn as counsel and ceased their efforts to collect fees in this action.  <u>See</u> (Docs. 122, 156).  Plaintiffs have not filed a response in opposition to this motion.  Under these circumstances and upon reconsideration, Ms. Kovar's motion (Doc. 126) is **GRANTED**, and this court's prior Order (Doc. 123) granting Plaintiffs' sixth and eighth motions for contempt is **VACATED**.

By their motion to strike (Doc. 168), Defendants seek an Order striking the complaint as to corporate Plaintiffs who are unrepresented by counsel.  As grounds, Defendants argue that Doug Titus, Clark C. Griffith, Stanley Brand, and Andrew D. Herman entered  appearances on behalf of Plaintiff Nazar Talib only, <u>see</u> (Docs, 130, 131, 136), and responded to Defendants' First Set of Interrogatories on behalf of Plaintiffs Talib; Nuwave Limited; Castle Bridge Investors, Ltd.; Taiba Group, Inc.; Therfield Holdings; Yousef Al Saleh; and Q Invest, Inc., only.  Defendants argue that the remaining corporate Plaintiffs, International Financial Advisors K.S.C.C., Kuwait Investment Company, Kuwait Real Estate Company, and Pearl of Kuwait Real Estate Co., are unrepresented and that their Complaint should be stricken for noncompliance with court orders and applicable case law.  In response,

3

Defendants advise that the phrase, "et al.," was inadvertently omitted from the pleadings concerning the representation by counsel, and they cite to the docket entry of October 14, 2005, which indicates that counsel entered their appearances on behalf of each of the Plaintiffs.

Accordingly, **Defendants' Motion to Strike the Complaint and Causes of Action of Corporate Plaintiffs for Failure to Retain New Counsel and Supporting Memorandum of Law** (Doc. 168) is **DENIED**.  Plaintiffs' request for an award of costs related to the motion is likewise **DENIED**.

Regarding Defendants' motions for sanctions (Docs. 167, 169), this court previously entered an Order (Doc. 145) directing Plaintiffs to respond to this discovery.  Subsequently, this court granted Plaintiffs an extension of time to respond to this discovery on or before December 16, 2005; advised that "[n]o further extensions shall be granted absent extraordinary cause"; and denied without prejudice Defendants' motion for sanctions (Doc. 152).  <u>See</u> (Doc. 159).

By Defendants' motion for sanctions (Doc. 169) against Plaintiffs Talib; Nuwave Limited; Castle Bridge Investors, Ltd.; Taiba Group, Inc.; Therfield Holdings; Yousef Al Saleh; and Q Invest, Inc., Defendants argue that these Plaintiffs have wholly failed to respond to Defendants' First Request for Production served on or about August 8, 2005, and that they received responses to Defendants' First Set of Interrogatories from these Plaintiffs, but some of the responses were untimely and unresponsive and inadequate.  Defendants point to Plaintiffs' responses to interrogatories numbered 4 and 5 as examples of responses that are unresponsive, inadequate, and apparently cut and pasted by the Plaintiffs.  By the first motion

4

for sanctions (Doc. 167), Defendants seek sanctions against the remaining Plaintiffs for their complete failure to respond to these Interrogatories and Requests for Production.

By their response (Doc. 171), Plaintiffs advise that Plaintiff Talib was, at the time of the filing of the pleading, in the Middle East and interviewing Plaintiffs and obtaining relevant documents from them.  Plaintiffs urge that the deaths of two political leaders and the end-of-year holidays have contributed to the delay in their responses.  As to the interrogatory responses that have been provided, Plaintiffs cite to their response to interrogatory numbered 6 as an example of their adequacy and completeness.  Additionally, Plaintiffs argue that Defendants have "unclean hands" insofar as they have failed to make Rule 26 disclosures that were due on November 11, 2005.

Upon consideration, the court is unable to discern from the pleadings specifically which Interrogatories, aside from Interrogatory numbered 4 and 5, that the Defendants are claiming are inadequate.[1]  While a cursory review of the interrogatory responses suggests that many of the responses appear lacking in specificity as required by the interrogatories, this may not in fact be the case.  As I read Plaintiffs' response, many of the various Plaintiffs

---

[1]Local Rule 3.04(a) provides:
> Motions to compel discovery . . . shall (1) quote in full each interrogatory, question on deposition, request for admission or request for production to which the motion is addressed; (2) quote in full the objection and grounds therefor as stated by the opposing party, or the answer or response which is asserted to be insufficient; and (3) state the reasons the motion should be granted.

M.D. Fla. R. 3.04(a).  While this rule is not applicable to the instant motion for sanctions, this interrogatory-by-interrogatory examination of the responses would have assisted the court with its determination of the adequacy of the responses.

5

likely can offer little additional specificity having relied primarily on the advice of Mr. Talib in undertaking to make the investments at issue.  In light of counsel's response, the brief uniform responses by persons or entities other than Mr. Talib may reflect a complete response.  At present, the Defendants' motion (Doc. 169) is **DENIED without prejudice** as to the interrogatory responses provided Plaintiffs Talib; Nuwave Limited; Castle Bridge Investors, Ltd.; Taiba Group, Inc.; Therfield Holdings; Yousef Al Saleh; and Q Invest, Inc.. Plaintiffs are reminded of their duty to supplement their discovery responses under Rule 26(e).

As to the failure of these named Plaintiffs to respond at all to the Defendants' First Request for Production and the failure of the remaining Plaintiffs to respond at all to either the Requests for Production and the Interrogatories, the motion is **GRANTED**.  Within thirty (30) days of the date of this Order, all Plaintiffs shall respond to outstanding requests for production and interrogatories not previously provided.  Failure to comply within this period may result in the imposition of significant sanctions, including an additional award of attorney's fees and costs associated with the discovery motions, other monetary sanctions, and striking of pleadings.  The individual Defendants are awarded fees and costs associated with the filing of this motion.

By their motion to compel initial disclosures (Doc. 170), Plaintiffs seek an order compelling Defendants to make their initial disclosures as required by Rule 26(a) and awarding attorney's fees associated with the motion.  By their Amended Case Management Report, the parties agreed that such information would be exchanged on or before October 26,

2005.[2]  See (Doc. 146 at ¶ 2).  Defendants have failed to file a response in opposition, and thus, the motion is deemed unopposed.  See M.D. Fla. R. 3.01(b).

Accordingly, it is **ORDERED** that **Plaintiffs's** (sic) **Motion to Compel Disclosures Required by Federal Rule of Civil Procedure 26** (Doc. 170) is **GRANTED** to the extent that Defendants are ordered to serve their Rule 26(a) disclosures within twenty (20) days from the date of this Order.

**Done and Ordered** in Tampa, Florida, this 14th day of February 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

[2]Plaintiffs argue in their motion that the disclosures have been due since November 11, 2005.  See (Doc. 170 at ¶ 5(a)).

7